**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LARRY ALDOFF,

        Plaintiff,

v.                                                                                            No. CIV-07-0410 WJ/ACT

JUANITA M. DURAN,
DEPUTY SHERIFF LUJAN,
DEPUTY SHERIFF J. BARTHOLF,
DEPUTY SHERIFF V. GRIEGO,
DEPUTY SHERIFF B. CARLAN,
DAVID TRUJILLO,
VINCENT VIGIL,
LARRY LAFFLER,
LIEUTENANT D. WOULARD,
LIEUTENANT AGUILAR,
Sued in their individual and official capacities and
other known DEFENDANTS, available at this time
but will become available during discovery,

        Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on

the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants who allegedly violated certain of Plaintiff's constitutional protections.  Plaintiff alleges that Defendants Lujan, Bartholf, Griego, and Carlan (sheriff's deputies) failed to arrest individuals who allegedly stole property from Plaintiff, forged his signature, and committed aggravated assault on him.  Defendant Duran, the clerk of the New Mexico Second Judicial District Court, allegedly misfiled certain petitions that Plaintiff had submitted, thus preventing adjudication of the petitions.  Plaintiff also asserts claims against the correctional-officer Defendants Trujillo, Vigil, Laffler, Woulard, and Aguilar for retaliation and denial of access to the Courts.

No relief is available on Plaintiff's claims against the deputy sheriff Defendants.  Except in certain limited circumstances, failure to arrest a criminal suspect does not support a § 1983 action by the alleged victim.  "Absent proof of the [discrimination] discussed in *Watson*, a *DeShaney* type 'special relationship,' or the *Trujillo* intent requirement, these [failure-to-arrest] assertions do not give rise to a recognized deprivation of constitutional rights required to assert a § 1983 claim." *Cossio v. City and County of Denver*, 986 F. Supp. 1340, 1348 n.4 (D. Colo. 1997) (citing *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989); *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1189 (10th Cir. 1985)), *aff'd*, No. 97-1148, 1998 WL 47223, at *1 (10th Cir. Feb. 6,

1998). Plaintiff's allegations of failure to arrest do not fit within the noted exceptions, and the Court will dismiss his claims against Defendants Lujan, Bartholf, Griego, and Carlan.

Defendant Duran is immune to an action based on allegations that she misfiled Plaintiff's petitions. "A court clerk enjoys absolute quasi-judicial immunity when he or she performs a 'judicial act.' " *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. Feb. 2004). Plaintiff makes no allegation that Defendant Duran's actions were in performance of duties other than those of clerk of the court, and his claims against her will be dismissed.

Plaintiff's allegations against Defendants (correctional officers) Laffler and Trujillo do not support § 1983 claims. The complaint's only allegation against Defendant Laffler is that he delivered to Plaintiff certain documents that had been sent by fax to the prison. This allegation does not depict the "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), required for standing to bring a § 1983 action. Furthermore, Plaintiff makes no allegation against Defendant (Warden) Trujillo affirmatively linking him to any of the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Plaintiff's claims against these Defendants will be dismissed.

The foregoing resolves all of Plaintiff's claims for declaratory and injunctive relief except as against Defendants Vigil, Woulard, and Aguilar. (Plaintiff has filed a memorandum brief in support of his request for injunctive relief.) This relief is not available because Plaintiff is no longer confined at the Santa Fe County Detention Center, where Defendants Vigil, Woulard, and Aguilar are

3

employed.  The Court will dismiss these claims as moot.  *Cf. Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding prisoner's release mooted his claims seeking declaratory and injunctive relief as to conditions of confinement).

     IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Duran, Lujan, Bartholf, Griego, Carlan, Trujillo, and Laffler are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

     IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief against Defendants Vigil, Woulard, and Aguilar are DISMISSED as moot; and the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, to Defendants Vigil, Woulard, and Aguilar in their individual capacities.

_____  
UNITED STATES DISTRICT JUDGE